UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                  Case No.: 8:24-cr-00020-MSS-CPT

HEIDI RICHARDS

_____/

**DEFENDANT'S UNOPPOSED MOTION
UNDER RULE 12(c) TO EXTEND OR RESET THE
DEADLINE FOR A MOTION TO DISMISS THE SUPERSEDING
INDICTMENT AND MOTIONS FOR RULE 17(c) SUBPOENAS**

Defendant, Heidi Richards, by and through undersigned counsel, moves pursuant to Federal Rule of Criminal Procedure 12(c) to extend or reset the deadline for a motion to dismiss the Superseding Indictment and motions for Rule 17(c) subpoenas, and in support thereof states as follows:

1. On January 9, 2024, the Grand Jury returned the original indictment in this case, which consisted of five counts. (Doc. 1).

2. Defendant Richards was arraigned on January 16, 2024. (Doc. 12).

3. On January 18, 2024, Magistrate Judge Tuite entered a Pretrial Discovery Order. (Doc. 16).

4. Page 5 of that Order provides that "[a]bsent good cause, or as otherwise permitted by the trial judge, pretrial motions covered by

Rule[] … 12(b)(3) are to be filed no later than 21 days from the date of this Order."[1]

5. This 21 day period expired on February 8, 2024, approximately a month before undersigned counsel entered this case.

6. On April 24, 2024, Defendant Richards filed an Unopposed Motion under Rule 12(c)(2) to Extend or Reset the Deadline for Pretrial Motions Made under Rule 12(b)(3). (Doc. 31). The Court granted Defendant's Motion on April 25, 2024. (Doc. 32). On April 29, 2024, Defendant Richards filed her Motion to Dismiss the Indictment (Doc. 33) to which the Government responded.

7. On June 5, 2024, the Grand Jury returned the Superseding Indictment, adding the Count Six money laundering charge. (Doc. 43).

8. Defendant Richards was arraigned on the Superseding Indictment on June 18, 2024. (Doc. 51).

9. At the June 18, 2024 arraignment, undersigned counsel requested that a new Pretrial Discovery Order be entered resetting the pretrial motion deadlines based on the filing of the Superseding Indictment.

---

[1] The Pretrial Discovery Order did not address motions for Rule 17(c) subpoenas.

10. In response to that request, Magistrate Judge Tuite directed Defendant Richards to file a motion with the Court to extend or reset the deadlines for pretrial motions.

11. Pursuant to Rule 12(c)(2), "[a]t any time before trial, the court may extend or reset the deadline for pretrial motions."

12. The Eleventh Circuit holds that "[f]iling a superseding indictment has the same effect as dismissing an original indictment and filing a new indictment ...." *United States v. McKay*, 30 F.3d 1418, 1420 (11th Cir. 1994).

13. Accordingly, "[t]he superseding indictment renders the original motion to dismiss moot." *United States v. Taylor*, 2019 WL 3891854, *1 (N.D. Ga., August 19, 2019). *See also United States v. Culver*, 2007 WL 9697594, *10 (N.D. Ala., May 14, 2007) ("the court notes that the initial motion to dismiss ... is moot due to the superseding indictment").

14. Therefore, on June 5, 2024, when the Grand Jury returned a Superseding Indictment, the Superseding Indictment had the effect of dismissing the original Indictment, thereby making Defendant's original motion to dismiss moot. This constitutes "good cause" for either resetting the pretrial motions deadline or permitting the filing

of an out-of-time motion to dismiss the Superseding Indictment, including the newly added Count Six money laundering charge.

15. Accordingly, Defendant Richards respectfully requests that the Court enter an order extending the deadline for pretrial motions to allow Defendant Richards to file a Motion to Dismiss the Superseding Indictment[2] and motions for Rule 17(c) subpoenas.

16. Pursuant to Rule 12(c)(1), "[t]he court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions and may also schedule a motion hearing. If the court does not set one, the deadline is the start of the trial." Therefore, Rule 12(c)(1) permits the resetting of the deadline for pretrial motions based on the Defendant's recent arraignment on the Superseding Indictment.

17. Accordingly, Defendant Richards respectfully requests that the Court enter an order extending or resetting the deadline to file a Motion to Dismiss the Superseding Indictment and motions for Rule 17(c) subpoenas by either (1) extending the deadline for filing such

---

[2] This motion will be substantially similar to the Doc. 33 Motion to Dismiss the original indictment, but will also seek dismissal of the newly-added Count Six money laundering charge.

motions under Rule 12(c)(2), or (2) re-setting the deadline for filing such motions under Rule 12(c)(1).

18. The Government will not be prejudiced and the progress of this case will not be slowed by this Motion being granted because this case has been specially set in Doc. 52 to start on November 4, 2024.

19. Undersigned counsel conferred with AUSA Asokan on June 20, 2024 and was advised that the Government does not oppose this motion.

Dated: June 24, 2024            Respectfully submitted,

*/s/Kevin Darken*
**TODD FOSTER**
Florida Bar No.: 0325198
tfoster@tfosterlawgroup.com
**KEVIN DARKEN**
Florida Bar No.: 90956
kdarken@tfosterlawgroup.com
**TODD FOSTER LAW GROUP**
601 Bayshore Blvd., Suite 615
Tampa, FL 33606
Telephone: (813) 565-0600
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court for the Middle District of Florida on this 24th day of June 2024 by uploading it to the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/Kevin Darken*
**KEVIN DARKEN**