**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

    **v.**                                                         Case No. 8:24-cr-00020-MSS-CPT

**HEIDI RICHARDS,**

    Defendant.
_____/

**DEFENDANT'S UNOPPOSED MOTION FOR ISSUANCE**
**OF RULE 17(c) SUBPOENAS TO KERRY EDWARDS,**
**SNAGMEDIA, LLC, DAVID REECE, AND**
**EUROPEAN DISTRIBUTION GROUP**

Defendant Heidi Richards, by and through undersigned counsel, moves pursuant to Fed. R. Crim. P. 17(c) for an Order authorizing the issuance of the subpoenas *duces tecum* to Kerry Edwards, SnagMedia, LLC, David Reece, and European Distribution Group attached as **Exhibits 1, 2, 3, and 4** and to make the subpoenas returnable to counsel for Ms. Richards within 21 days, with the understanding that copies of all documents received will thereafter be provided to Government counsel within five (5) business days.  The Government does not oppose this motion.

## FACTS

1.    On or about June 5, 2024, the Grand Jury returned a Superseding Indictment (Doc 43) in this case, charging Ms. Richards in Count One with

Conspiracy to Traffic in Illicit Labels and in Count Two with Trafficking in Illicit Labels in violation of 18 U.S.C. § 2318, as well as with four other counts.

2.      The Superseding Indictment alleges in paragraph 17 of Count One that between August 11, 2017 and June 5, 2024, Ms. Richards knowingly and willfully conspired to traffic in illicit labels with "Unindicted Coconspirator-1 doing business as COMPANY A" and others through the sale of Microsoft product key codes and certificates of authenticity ("**COAs**") in violation of 18 U.S.C. § 2318.

3.      Paragraph 3 of Count One alleges that "COMPANY A was a Texas limited liability company that did business through the Internet and in Round Rock, Texas.  COMPANY A was engaged in the business of marketing, offering, copying, causing others to copy, and/or distributing purported Microsoft software and related components. COMPANY A is owned by Unindicted Coconspirator-1."

4.      Paragraph 15 of Count One alleges that "In or around April 2017, Microsoft filed a civil complaint against COMPANY A in the U.S. District Court for the Western District of Texas, alleging, *inter alia,* that COMPANY A had sold unauthorized copies of Microsoft software via internet download and unauthorized product activation keys.  Case No. 1:17-cv-00361-SS (W.D.T.X.)."

5. Paragraph 16 of Count One alleges that "In or around October 2017, the U.S. District Court for the Western District of Texas entered a stipulated permanent injunction, enjoining COMPANY A from, *inter alia,* using any 'false description which can or is likely to lead the trade or public or individuals to erroneously believe that any software, component, EULA, item, or thing has been … authorized by or for Microsoft, when such is in fact not true,' and 'assisting, aiding, or abetting any other person or business entity in engaging in or performing' the same."

6. **Exhibit 5** is a complaint filed on April 20, 2017 in the Western District of Texas in a case styled *Microsoft Corp. v. SnagMedia, LLC and Kerry W. Edwards,* Case No. 1:17-cv-00361 (W.D. Tex., Austin Division). Paragraph 2 of this complaint alleges that "SnagMedia LLC is a Texas limited liability company that does business through the Internet and in Round Rock, Texas." Paragraph 3 of this complaint alleges that "Kerry W. Edwards is an individual who owns, operates, controls, and serves as the moving force behind SnagMedia, LLC."

7. **Exhibit 6** is a Stipulation for Permanent Injunction Order filed on October 18, 2017 in the *Microsoft Corp. v. SnagMedia, LLC and Kerry W. Edwards* case in the Western District of Texas.

8. Accordingly, COMPANY A in the Superseding Indictment is SnagMedia, LLC and Unindicted Coconspirator-1 in the Superseding Indictment is Kerry W. Edwards.

9. David Reece is an individual who pled guilty to a Section 371 conspiracy to commit offenses against the United States in 2017 pursuant to the plea agreement attached as **Exhibit 7** in Case No. 17-00071-CR-W-DGK (Western District of Missouri, Western Division). In response to a request for *Brady/Giglio* information, including plea agreements, immunity agreements, non-prosecution agreements, proffer agreements, and cooperation agreements, the Government responded that it had previously provided the David Reece plea agreement as part of Rule 16 discovery.

10. David Reece operated under the business name of European Distribution Group.

11. 18 U.S.C. § 2318(a) makes it a felony crime to knowingly traffic in "a counterfeit label or illicit label affixed to, enclosing, or accompanying, or designed to be affixed to, enclose, or accompany… a copy of a computer program."

12. Public Law 108-482 amended 18 U.S.C. § 2318 by adding in the "illicit label" prohibitions included in Counts One and Two of the Superseding Indictment. **Exhibit 8**.

13. Section 103 of Public Law 108-482, titled "Other Rights Not Affected", also provided that "[t]he amendments made by this title … shall not be construed to apply – (A) in any case, to the electronic transmission of a genuine certificate, licensing document, registration card, similar labeling component, or documentation or packing described in paragraph (4) or (5) of section 2318(b) of title 18, United States Code, as amended by this title." **Exhibit 8**.

14. Section 103 of Public Law 108-482 now appears in Title 18 as a "statutory note" following 18 U.S.C. § 2318.   **Exhibit 9**.[1]

15. Therefore, how many of the "illicit labels" Ms. Richards allegedly trafficked were trafficked by "electronic transmission" will be a central issue in this trial because Congress defined that conduct as non-criminal.

16. Documents produced by the Government in Rule 16 discovery show that Ms. Richards both received and sent product key codes and COAs (the alleged "illicit labels") by electronic transmission from and to Mr. Edwards, SnagMedia, LLC, Mr. Reece, and European Distribution Group. *See* **Exhibit 10** (showing the electronic transmission of product key codes to Mr. Edwards and SnagMedia, LLC. from Ms. Richards and her company Trinity

---

[1] Further explanation of the "electronic transmission" immunity/safe harbor/carve-out in 18 U.S.C. § 2318 is contained in pages 6-12 of Defendant's Motion to Dismiss the Superseding Indictment and pages 2-3 of Defendant's Motion Pursuant to Federal Rule of Criminal Procedure 6(e) for In Camera Review of Legal Instructions to Grand Jury Regarding Counts One and Two.

Software Distribution), **Exhibit 11** (showing the electronic transmission of product key codes from Ms. Richards and Trinity Software Distribution to Mr. Edwards and SnagMedia, LLC.), and **Exhibit 12** (showing the electronic transmission of product key codes from Mr. Reece and European Distribution Group to Ms. Richards and Trinity Software Distribution).

17. Accordingly, Ms. Richards seeks the following records from Mr. Kerry Edwards, SnagMedia, LLC, David Reece, and European Distribution Group: any and all documents and communications, specifically including emails and email attachments such as spreadsheets, showing the electronic transmission of Microsoft product key codes or COAs sent to or from Ms. Richards, Trinity Software Distribution, and any Trinity Software Distribution employee, including but not limited to, Micheal Castelluzzo and Dennis Spitler, between August 11, 2017 and June 5, 2024 (the time period of the conspiracy alleged in Count One). This request is also outlined in the attached subpoenas *duces tecum*.

## MEMORANDUM OF LAW

Rule 17(c) of the Federal Rules of Criminal Procedure governs the issuance of subpoenas duces tecum to third parties in federal criminal proceedings. The Court may order the production of subpoenaed materials prior to trial if the moving party meets a four-part test outlined by the Supreme

Court in *United States v. Nixon*, 418 U.S. 683 (1974). Under *Nixon*, the moving party must show that:

    a. The documents sought are evidentiary and relevant;

    b. They are not otherwise procurable reasonably in advance of trial by exercise of due diligence;

    c. The party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and

    d. The application is made in good faith and is not intended as a general "fishing expedition."

*Nixon*, 418 U.S. at 699-700.

The subpoenaed records showing the "electronic transmission" of product key codes and COAs are evidentiary because they are business records of SnagMedia and/or Kerry Edwards and of David Reece and/or European Distribution Group which document specific business transactions. In addition, because "it will often be difficult at the pretrial stage to determine with precision the admissibility of certain documents; therefore, if a document is arguably relevant and admissible under the Rules of Evidence, the *Nixon* 'evidentiary' requirement is likely satisfied." *United States v. Zahn,* 2022 WL 17811346, *6 (M.D. Fla., December 19, 2022) (Richardson, M.J.).

The subpoenaed records showing the "electronic transmission" of product key codes and COAs are critically relevant here because Congress in Section 103 of Public Law 108-482 precluded enforcing the "illicit label" provisions of 18 U.S.C. § 2318 as to "the electronic transmission" of illicit labels, including labeling components. Put another way, the "electronic transmission" of product key codes charged in the Superseding Indictment as illicit labels is ***not criminal.*** Evidence from third parties such as Kerry Edwards, SnagMedia, David Reece and European Distribution Group proving that Ms. Richards received and shipped spreadsheets containing product key codes from and to them through the "electronic transmission" non-criminal method of email is therefore highly relevant – because it is proof that Ms. Richards did not commit the offense charged in Count Two and therefore also arguably did not conspire to commit that offense as charged in Count One.

Defense counsel cannot adequately represent Defendant, and Defendant cannot receive a fair trial, without the subpoenaed records being produced. The jury has to see that Ms. Richards distributed product key codes through a method which Congress specifically made non-criminal.

Defense counsel cannot obtain these records without a Rule 17(c) subpoena because they are records held by third parties, not by the Government.

Defense counsel need the subpoenaed records in advance of trial so that both the Defendant and the Government have them in time to process them as potential trial exhibits.

For multiple reasons, subpoenaing these records is in no way a prohibited "fishing expedition." First, the Superseding Indictment itself alleges that Ms. Richards obtained product key codes "by email" and then "cause[d] the product key codes on the COA labels to be transcribed into spreadsheets, which product key codes were then sold to customers …." and that these spreadsheets were then sent by email (an obvious form of "electronic transmission") to customers who had purchased these key codes. Superseding Indictment, Count One, paragraphs 18b, 18c, 19c, and 19g.

Second, as shown by **Exhibits 10, 11, and 12**, the Rule 16 discovery provided by the Government contains limited examples of the exact records sought in these subpoenas which the Government obtained from computers in Ms. Richards' business. When, as here, a party "seeks specific documents that it knows exist", "the subpoena is made in good faith and is not a general 'fishing expedition.'" *United States v. Gyetvay,* 2022 WL 4095070, *2 (M.D. Fla., September 7, 2022) (Mizell, M.J.).

Third, the scope of the records sought to be subpoenaed is narrowly drawn to encompass only documents needed to prove up that Ms. Richards sent

product key codes to customers by the email method protected by Section 2318's "electronic transmission" immunity/safe harbor/carve-out.

Undersigned counsel conferred with AUSA Risha Asokan on July 10, 2024, who advised that the Government does not oppose this Motion.

## **CONCLUSION**

WHEREFORE, Defendant respectfully requests that the Court issue the relief sought herein and authorize service of the attached subpoenas *duces tecum* to Kerry Edwards, SnagMedia, LLC, David Reece, and European Distribution Group, returnable within 21 days to the Defendant with copies to be provided to Government counsel within five (5) business days thereafter. It is also requested that the Court's order provide that the Custodian of Records responding to these subpoenas complete a Declaration of Authentication of Business Records.

Dated: July 17, 2024

Respectfully submitted,

*/s/ Kevin Darken*
**TODD FOSTER**
Florida Bar No.: 0325198
tfoster@tfosterlawgroup.com
**KEVIN DARKEN**
Florida Bar No.: 90956
kdarken@tfosterlawgroup.com
**TODD FOSTER LAW GROUP**
601 Bayshore Blvd. Suite 615
Tampa, FL 33606
Telephone: (813) 565-0600
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court for the Middle District of Florida on this 17th day of July 2024 by uploading it to the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Kevin Darken*
**KEVIN DARKEN**