UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                        Case No.: 8:24-cr-00020-MSS-CPT

HEIDI RICHARDS,

_____ /

## DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND TWO FOR FAILURE TO CHARGE THE ESSENTIAL ELEMENT THAT THE ALLEGED TRAFFICKING OF ILLICIT LABELS WAS DONE UNLAWFULLY

Defendant Heidi Richards, by and through undersigned counsel, moves

pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v) to dismiss

Counts One and Two for failure to state an offense by failing to charge the

essential element that the alleged trafficking of illicit labels was done

unlawfully. [1]

### PUBLIC LAW 108-482, TITLE I, SECTION 103 PROVIDES THAT THE ILLICIT LABEL PROVISIONS OF 18 U.S.C. §2318 "SHALL NOT BE  CONSTRUED TO APPLY TO THE ELECTRONIC  TRANSMISSION"  OF  LABELS  OR  LABELING COMPONENTS

Public Law 108-482, attached as **Exhibit 1**, amended 18 U.S.C. § 2318

in Title I by adding in Section 102 the "illicit label" prohibitions under which

---

[1] This Motion to Dismiss, which is based on the failure to charge an essential element in Counts One and Two, is separate from and independent of the pending Motion to Dismiss (Doc 58), which is based on the factual allegations of the Superseding Indictment failing to allege facts constituting prosecutable offenses.

1

Defendant has been indicted.[2] However, Section 103 of Public Law 108-482, titled "Other Rights Not Affected", also provided that "[t]he amendments made by this title ... shall not be construed to apply – (A) in any case, to the electronic transmission of a genuine certificate, licensing document, registration card, similar labeling component, or documentation or packing described in paragraph (4) or (5) of section 2318(b) of title 18, United States Code, as amended by this title." Section 2318(b)(4) defines "illicit label" while Section 2318(b)(5) defines "documentation or packaging." Section 103 of Public Law 108-482 now appears in Title 18 as a "statutory note" following 18 U.S.C. § 2318. *See* **Exhibit 2**.[3]

Section 103 of Public Law 108-482 precludes enforcing the "illicit label" provisions of 18 U.S.C. § 2318 as to "the electronic transmission" of illicit labels, including labeling components. This legislative intent is made crystal clear in

---

[2] As shown in **Exhibit 1,** Public Law 108-482 is titled the Intellectual Property Protection and Courts Amendment Act of 2004, while Title I of that Act is titled the Anti-Counterfeiting Amendments Act of 2004.

[3] Both **Exhibit 3** and **Exhibit 4**, published by the House of Representatives Office of the Law Revision Counsel, explain that statutory notes have the same force and effect as provisions classified as a section of the United States Code. As **Exhibit 3** explains, "[b]oth Code sections and statutory notes are based on provisions of Federal statutes.... Placement of a provision as a statutory note .. has no effect on the validity or legal force of the provision; that is, a provision set out as a statutory note has the same validity and legal force as a provision classified as a section of the Code." **Exhibit 3** at 2. **Exhibit 4** makes the same point: "A provision of a Federal statute is the law whether the provision appears in the Code as section text or as a statutory note, and even when it does not appear in the Code at all. The fact that a provision is set out as a note is merely the result of an editorial decision and has no effect on its meaning or validity. Similarly, the appearance of a provision as a note should not be interpreted as a commentary on its relevance or importance, as many statutory notes provide crucial information about the Code sections they follow." **Exhibit 4** at 5-6.

the House Judiciary Committee Report on the Anti-Counterfeiting Amendments Act of 2004, attached as **Exhibit 5**, which explicitly states "[t]his legislation does not cover goods distributed or sold electronically." **Exhibit 5** at 7.

The "electronic transmission" immunity/safe harbor/carve-out clearly means that some types of trafficking of illicit labels (by electronic transmission) are lawful, while other types of trafficking of illicit labels are unlawful.

### COUNTS ONE AND TWO

Count One alleges a conspiracy between August 11, 2017 and the return of the Superseding Indictment on June 4, 2024 "to commit an offense against the United States" in violation of 18 U.S.C. § 371, specifically "to traffic in illicit labels designed to be affixed to, enclose or accompany copies of [the Microsoft Windows 10 Pro] computer program" "in violation of 18 U.S.C. § 2318."[4] Doc 43 at 8. Under Section 2318(b)(2) and 18 U.S.C. § 2320(f)(5), the term "traffic" "means to transport, transfer, or otherwise dispose of, to another, for purposes

---

[4] Section 2318(b)(4) defines "illicit label" as "mean[ing] a genuine certificate, licensing document, registration card, or similar labeling component – (A) that is used by the copyright owner to verify that a ... copy of a computer program ... is not counterfeit or infringing of any copyright; and (B) that is, without the authorization of the copyright owner – (i) distributed or intended for distribution not in connection with the copy ... to which such labeling component was intended to be affixed by the respective copyright owner; or (ii) in connection with a genuine certificate or licensing document, knowingly falsified in order to designate a higher number of licensed users or copies than authorized by the copyright owner, unless that certificate or document is used by the copyright owner solely for the purpose of monitoring or tracking the copyright owner's distribution channel and not for the purpose of verifying that a copy ... is noninfringing."

of commercial advantage or private financial gain, or to make, import, export, obtain control of, or possess, with intent to so transport, transfer, or otherwise dispose of."

Count Two alleges that Ms. Richards "did knowingly traffic in illicit labels affixed to or designed to be affixed to, enclosed with, and accompanying a copy of a [Microsoft Windows 10 Pro] computer program" between December 5, 2022 and March 8, 2023 in violation of 18 U.S.C. § 2318. Doc 43 at 12.

Counts One and Two are based on the central factual allegations in Superseding Indictment paragraphs 18b and 18c that Ms. Richards (1) purchased "standalone COAs [Certificate of Authenticity] and COA labels bearing product key codes for copies of copyrighted Microsoft computer programs" and then (2) "cause[d] the product key codes on the COA labels to be transcribed into spreadsheets, which product key codes were then sold to customers..." while paragraph 19c makes clear that Ms. Richards allegedly sent spreadsheets containing product key codes by email to customers who had purchased these key codes.

Paragraph 19g alleges that Ms. Richards allegedly obtained product keys "by email", while paragraph 19c asserts that Ms. Richards sent spreadsheets containing product key codes by email to customers who had purchased these key codes.

Count One does not allege a conspiracy "to *unlawfully* traffic in illicit

labels." Neither does Count Two allege that Ms. Richards "did knowingly *and unlawfully* traffic in illicit labels."

## FAILURE TO ALLEGE AN ESSENTIAL ELEMENT OF AN OFFENSE

"An indictment that fails to adequately allege an essential element of a charged offense is defective, and the charge must be dismissed." *United States v. Chang*, 2024 WL 2218696, *4 (N.D. Ga., March 1, 2024) (Totenberg, J.), *citing United States v. Bobo*, 344 F.3d 1076, 1085-86 (11th Cir. 2003).

## ARGUMENT

In Section 103 of Public Law 108-482, Congress clearly established that trafficking of illicit labels by "electronic transmission" is not a crime under 18 U.S.C. §2318. This means that an act (trafficking in illicit labels) can be either lawful or unlawful, depending on how the act is done (by electronic transmission or by means other than electronic transmission).

Under longstanding Eleventh Circuit precedent, "where an act may be either lawful or unlawful ..., the indictment must allege that it was done unlawfully." *United States v. Scott,* 993 F.2d 1520, 1521 (11th Cir. 1993)(per curiam), *quoting Middlebrooks v. United States,* 23 F.2d 244, 245 (5th Cir. 1928). In *Scott*, the defendant was a postal employee charged with one count of detaining mail in violation of 18 U.S.C. §1703. The Eleventh Circuit held that since "mail could be detained by a postmaster both lawfully and

5

unlawfully", "[t]herefore, 'unlawfulness' is an essential element necessary to state an offense under 18 U.S.C. §1703 (a)." *Scott, supra*, 993 at 1521. In *Middlebrooks*, the defendant was charged with conspiring to sell intoxicating liquors "fit for beverage purposes." *Middlebrooks, supra,* 23 F.2d at 244. The former Fifth Circuit held that "the expression 'fit for beverage purposes' describes equally well both beverage and nonbeverage liquor." *Id*. The former Fifth Circuit then held that because the defendant's "act may be either lawful or unlawful", "the indictment must allege that it was done unlawfully." *Id*. At 245.

In this case, since trafficking of illicit labels may be either lawful or unlawful depending on how done, 'unlawfulness' is an essential element necessary to state an offense ...." *Scott, supra*, at 1521. However, as noted above, neither Count One nor Count Two alleges the essential element that Ms. Richards "unlawfully" trafficked in illicit labels – despite the fact that 'unlawfulness' is an essential element" of both of those counts "necessary to state an offense" because Congress explicitly made one type of trafficking in illicit labels lawful and other types unlawful. *Scott, supra.* Accordingly, both Counts One and Two must be dismissed because they each fail to adequately allege the essential element of unlawfulness. *Scott, supra; Middlebrooks, supra.*

In addition, the Count One conspiracy to traffic in illicit labels charge

6

must be dismissed because this conspiracy charge "must also be found deficient" once the Count Two illicit labels substantive charge is properly held to be "not sufficient to state an offense." *Bobo, supra,* 344 F.3d at 1086. Put another way, once the substantive Count Two trafficking in illicit labels charge is dismissed for failure to charge an essential element, the Count One conspiracy to traffic in illicit labels charge also must be dismissed as well for the same reason. *Id.*

Dated: August 29, 2024                    Respectfully submitted,

                                          */s/ Kevin Darken*
                                          **TODD FOSTER**
                                          Florida Bar No.: 0325198
                                          tfoster@tfosterlawgroup.com
                                          **KEVIN DARKEN**
                                          Florida Bar No.: 90956
                                          kdarken@tfosterlawgroup.com
                                          **TODD FOSTER LAW GROUP**
                                          601 Bayshore Blvd. Suite 615
                                          Tampa, FL 33606
                                          Telephone: (813) 565-0600
                                          *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court for the Middle District of Florida on this 29th day of August 2024 by uploading it to the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Kevin Darken
**KEVIN DARKEN**

8